■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANK CANGIANO, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, entered October 12, 1971, which granted defendant's motion to dismiss the indictment. Order reversed, on the law and the facts, motion to dismiss indictment denied and indictment reinstated. On April 15, 1970, defendant was indicted for criminal possession of forged instruments in the second degree and criminal possession of forgery devices. The case first appeared on the Supreme Court calendar on May 6, 1970. Thereafter, by a motion returnable June 5, 1970, defendant moved to suppress evidence seized at the time of his arrest. The case was thereafter adjourned from time to time and did not come to rest in a trial part until March 22, 1971. From that point on, the case was marked " Ready " on 12 different occasions. On each occasion the case was adjourned. Finally, on October 4, 1971, the trial court ordered the case on for trial on October 12, 1971. When the case was called on October 12, 1971, the District Attorney's office requested a short adjournment, to which defense counsel agreed, for the reason that the District Attorney's office understood that another case would be moved for trial in the same part which would take approximately two weeks and also because the parties involved were awaiting a decision from a Federal court on the same issue, which decision would be binding on the trial court. The trial court refused to grant the

requested adjournment and ordered the People to proceed with the case. At this point, defense counsel made an oral motion to dismiss the indictment for failure to prosecute, which the trial court granted. The appeal is from the order entered thereon. The record presented shows that the application for an adjournment on October 12, 1971 was the first one on behalf of the People. On all other occasions, the adjournments were either granted by consent or on the application of defendant. Moreover, the record does not show that defendant would be unduly prejudiced by the granting of the adjournment requested by the People. In fact, defense counsel consented to it. While the trial court has inherent power to control its own calendar, in this case, in our opinion, the trial court improvidently exercised its discretion when it dismissed the indictment for failure to prosecute (*People* v. *Glassman*, 17 A D 2d 919; *People* v. *Jayson*, 31 A D 2d 551). Hopkins, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.