David T. Gibbons, J.
This is a motion by the defendant to dismiss the indictment because he has been denied his right to a speedy trial.
The defendant was arrested on June 19, 1971 for an alleged violation of subdivision (2) of section 170.70 of the Penal Law, illegal possession of a vehicle identification number plate, a Class E felony. On June 20,1971, he was arraigned in Nassau County District Court under an information charging that crime. The defendant was released in his own recognizance, with a preliminary hearing scheduled for July 2, 1971. The hearing was then adjourned to July 26, 1971, at which time the defendant waived a preliminary hearing. The defendant was finally indicted on November 29, 1972, approximately 17 months after his arrest, and 16 months after his waiver of a preliminary examination. The indictment charged the defendant not only with the illegal possession of a vehicle identification number plate, but also with criminal possession of stolen property in the first degree (Penal Law, § 165.50, a Class D felony), to wit: a car.
There are two major issues to be answered here: (1) As to each count in the indictment, when did the right to a speedy trial attach? (2) As to each count in the indictment, was the defendant deprived of his right to a speedy trial?
Subdivision 1 of CPL 30.20 provides: “After a criminal action is commenced, the defendant is entitled to a speedy trial. ”
Subdivision 17 of CPL 1.20 states: “ A criminal action is commenced by the filing of an accusatory instrument against a *68 defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.” Therefore, as to the illegal possession of a vehicle identification number plate charge, under the CPL, the right to a speedy trial attached with the filing of the information in District Court on June 20, 1971.
In United States v. Marion (404 U. S. 307, 320), the United ' States Supreme Court stated, “ it is either a formal indictiúent or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provisions of the Sixth Amendment.” Therefore, as to the illegal possession of a vehicle identification number plate, under the Marion standard, the right to a speedy trial attached on June 19, 1971 with the defendant’s “ arrest and holding to answer a criminal charge.” Accordingly, the defendant’s constitutional right to a speedy trial on the charge of illegal possession of a vehicle identification number plate attached on June 19, 1971.
As to the criminal possession of stolen property in the first degree, the defendant contends that, even though it was first charged in the indictment of November 29,1972, the speedy-trial right should be deemed to have also attached on June 19, 1971 with the arrest for illegal possession of a vehicle identification number plate. In this connection the defendant contends:
“It is totally beyond logic to believe that the crime [illegal possession of a vehicle identification number plate] could exist without there being at least reasonable grounds to believe that the crime of Possession of Stolen Property [the car] may also have been committed. [Why else would there be an illegal identification number?] There is only one prosecution here, not two * * *
‘ ‘ The fact that an additional charge was subsequently returned by the Grand Jury did not commence a new prosecution. That additional charge is part and parcel of the original prosecution * * * The same car is involved; the same time, place and date are involved; only one defendant is involved; in short, there is but one res gestae.”
Subdivision 1 of CPL 40.10 defines an “ offense ” as being committed, “ whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense.” (Emphasis supplied.) In the instant case there were obviously two separate and distinct offenses allegedly *69 committed, each of which could have been charged in separate accusatory instruments (CPL 1.20, subd. 3; CPL 200.10; CPL 200.20, subd. 4), and each is susceptible of different proof.
The thrust of the defendant’s argument is that both offenses charged in the indictment arose from the same criminal transaction, and that the right to a speedy trial attached as to all offenses arising from that criminal transaction when the right attached as to one. This contention is contrary to and incompatible with the reasoning in United States v. Marion (404 U. S. 307, supra). When the Supreme Court specifically said (p. 321), “we decline to extend the reach of the [Sixth] Amendment to the period prior to arrest ” (or the filing of a formal indictment or information, whichever occurs first). The court points out that the law provides the Statute of Limitations as the mechanism to protect the individual against possible prejudice resulting from the passage of time between the crime and the arrest or charge in the following language (p. 323): “ There is thus no need to press the Sixth Amendment into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since the statutes of limitation already perform that function.”
In Marion (supra, pp. 321-322, n. 13) the court said, “ 1 Allowing inquiry into when the police could have arrested or when the prosecutor could have charged would raise difficult problems of proof. As one court said, ‘ ‘ the Court would be engaged in lengthy hearings in every case to determine whether or not the prosecuting authorities had proceeded diligently or otherwise.” [United States v. Port, Crim. No. 33162 (ND. Cal, June 2, 1952)].’ ” (Emphasis supplied.)
This is precisely the sort of speculating the defendant is asking this court to engage in when he urges,. “ it is totally beyond logic to believe that that crime [illegal possession of a vehicle identification number plate] could exist without there being at least reasonable grounds to believe that the crime of Possession bf Stolen Property [the car] may also have been committed ”.
As the Supreme Court said in Hoffa v. United States (385 U. S. 293, 310) “ There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long.”
The same reasoning applies to the prosecuting authorities in presentment of a case to the Grand Jury, via direct present *70 ment where there has been no precedent arrest or formal charge. Preaccusation delay goes to a denial of due process, not to a denial of the speedy trial right. (United States v. Marion, 404 U. S. 307, 324, supra.)
Based on the foregoing, both under the GPL speedy trial provision and the standard established in United States v. Marion (supra), the defendant’s right to a speedy trial, as to the possession of stolen property count of the indictment, attached with the filing of the indictment on November 29, 1972. Before that time, this defendant was never an “ accused ” as to that offense; he was never subject to a “formal indictment or information or the actual restraints imposed by arrest and holding to answer ” for that particular criminal charge. The prosecution was commenced, as to that felony charge, * ‘ within 5 years after the commission thereof ” as is required by GPL 30.10 (subd. 2, par. [b]). His right to a speedy trial therefore attached, as to the possession of stolen property charge, with the filing of the indictment on November 29,1972. (GPL 30.20, subd. 1; GPL 1.20, subd. 17.)
The second question that must be determined is: Was the defendant deprived of his right to a speedy trial on either one or both of the counts charged in the indictment?
The right to a speedy trial attached as to the first count of the indictment, possession of stolen property in the first degree, with the filing of the indictment on November 29, 1972. The instant motion was made on February 8, 1973. This 10-week period cannot be said, either as a matter of fact or law, to constitute a denial of the speedy-trial right. (People v. Henderson, 20 N Y 2d 303, 307.) . (See, also, GPL 30.30, subd. 1, par. [aj.)
The right to a speedy trial as to the second count of the indictment, illegal possession of a vehicle identification number plate, attached on the date of defendant’s arrest on that charge, June 19,1971. (Note: The criminal action was thus commenced before the date that GPL 30.30 became applicable, May 1, 1972.) The indictment was filed on November 29, 1972, approximately 17 months later. Approximately one month of this time is attributable to a delay in District Court due to the defendant’s demand for a preliminary hearing. After he waived the hearing, there was approximately 16 months’ delay in presentment of the charge to the Grand Jury.
The People have the burden of establishing good cause for the delay between the date of the arrest and the date of the indictment. (Dickey v. Florida, 398 U. S. 30, 42; United States v. Ewell, 383 U. S. 116, 120; People v. Prosser, 309 N. Y. 353; Peo *71 ple v. Wallace, 26 N Y 2d 371; People v. Ganci, 27 N Y 2d 418.) The People aver in their answering affidavit the following reasons for the delay:
(1) The matter was originally scheduled for presentment before the Grand Jury on March 28,1972. It was not presented at this time due to certain “ exceptional circumstances,” one of these being difficulty encountered in getting the People’s witnesses before the Grand Jury. More specifically, it appears'that the detective who investigated the alleged crimes was ill and could not attend, necessitating an adjournment. This excuse accounts for some eight months of the delay.
(2) The severe and ever-increasing workload faced by the Grand Jury of Nassau County “ led to a substantial amount of difficulty in rescheduling the matter for presentment ”. This purports to account for the other eight months of delay.
(3) Finally, the familiar priority system (necessitated by the Grand Jury workload and backlog) is cited, presumably to explain the initial eight-month delay in scheduling presentment, and also the subsequent eight-month delay in rescheduling and finally presenting the charge to the Grand Jury.
This court has reviewed at some length the “ priority system ” used by the Nassau County District Attorney’s office to determine the order of presentment of cases to the Grand Jury. (See People v. Samler, Nassau County Ct., May 5, 1972; and People v. Artonio, Nassau County Ct., May 22, 1972.) In brief, that priority system works as follows: first preference is given to jail cases; second preference is given to major crimes such as homicides, rapes and other sex crimes, robberies involving weapons, possession of weapons (particularly pistols); third preference is given to bail cases; and the least preference is given to nonarrest cases or nonapprehended cases. Other considerations taken into account in determining priority are the seriousness of the crime; the prior record of the accused-; whether the accused has committed another or similar crime while his case is pending ; particular knowledge, gleaned from the police, of the expediency of immediate presentment because of the possibility of the accused fleeing the jurisdiction; the number of witnesses required in presentment, and so on. (See People v. Samler, supra; People v. Artonio, supra.) This court has recognized before the reasonableness of this priority system, under conditions then prevailing. For the purpose of determining this motion the court will accept the priority system as appropriate and will consider the application of that system, as far as it goes, to the facts. In this case, after his arrest, the defendant *72 was released in his own recognizance. It does not appear that he has any prior criminal record; in fact, he is described as “ a businessman, a husband, and father.” The crime for which he was arrested was illegal possession of a vehicle identification number plate, a Class E felony. That certainly is not a crime of violence or theft or one that is inherently dangerous to the community at large. We conclude that this is a low priority type of case. This low priority, combined with difficulty in getting the People’s witnesses together, is sufficient explanation for an eight-month delay in presentment. We find, therefore, that the People have satisfactorily explained the first eight months of the delay, up to the scheduled presentment and subsequent adjournment due to the illness of a witness. The People, however, do not adequately explain why it took eight months to reschedule the presentment. The ‘ ‘ priority system ’ ’ can explain how this nonviolent Class E felony took eight months to get to the “ head of the line ” for presentment to the Grand Jury. The “priority system” however seems to make no provision for a case that moves through the system, and then, for some reason, cannot be presented as scheduled. The District Attorney’s papers suggest the case goes back into the “pool” of cases awaiting presentment and must re-await presentment by going through the priority system again. In the case at bar, because a witness was ill on the day of presentment, another eight months of delay resulted. This is an unreasonable delay once a case has gone through the “priority system” and has made it to “ the head of the line ”.
This case should have been presented as soon after the scheduled date as the disabled witness became available. Havingheen scheduled for presentment, the case should have gained' some additional type of priority in presentment. An additiqiial eight-month delay is just not reasonable in this case. (See People v. Zollo, Nassau County Ct., March 14, 1972.) (Note, also, Barker v. Wingo, 407 U. S. 514, 538; and People ex rel. Franklin v. Warden, Brooklyn House of Detention for Men, 31 N Y 2d 498, 504, concurring opinion of Chief Judge Fttld : “ ‘ unreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State’s criminal-justice system are limited and that each case must await its turn.’”)
Based on the foregoing, the second count of the indictment, charging a violation of subdivision (2) of section 170.70 of the Penal Law, illegal possession of a vehicle identification number *73 plate, should be dismissed for denial of the defendant’s right to a speedy trial.
It is therefore ordered that the second count of indictment No. 36083 charging violation of subdivision (2) of section 170.70 of the Penal Law be dismissed.
It is further ordered that the motion is in all other respects denied.