Daniel Hoffman, J.
The defendant, Frank Lupo, was indicted on June 24,1970, in Indictment No. 3177/70, and charged with eight counts of criminal contempt as a Class A misdemeanor. On November 25, 1970, defendant pleaded guilty to Indictment No. 3177/70. After a series of other adjournments, the case was put down for sentencing on April 8,1971. The defendant did not appear on such date and a bench warrant was issued. On August 2,1972 the defendant was brought before the Criminal Court and arraigned on a felony complaint (Docket No. A50198) charging a violation of section 215.57 of the Penal Law, bail jumping in the first degree, a Class E felony, stemming out of his failure to appear for sentencing on April 8,1971. On this date (August 2, 1972), the presiding Judge made the following statement: “ The Court: I intend to hold Mr. Lupo for the Grand Jury on the felony bail jump in that the warrant has been outstanding since 1970 and there being no useful purpose served by having the preliminary hearing. We will hold Mr. Lupo for the Grand Jury on that charge.”
There was no objection by either Mr. Lupo or his attorney.
On August 10, 1972, the defendant was 'sentenced to nine months on the contempt indictment.
On December 27, 1972, the Grand Jury recommended the filing of a prosecutor’s information charging the defendant with bail jumping in the second degree, a Class A misdemeanor (Penal Law, § 215.56). The information was filed on January 9, 1973 and the defendant was arraigned on this information on January 16, 1973.
On January 16, 1973, the case was adjourned, at the request of the defendant, until February 5. Prior to this date, counsel was substituted on February 2. On February 5 the case was marked ready for trial and adjourned to March 23, 1973. On March 23, the case came before me and the present motion was made. All adjournments since March 23, 1973 were made pending the submission of papers by counsel and the District Attorney and the decision of this court on the motions.
The defendant moves to dismiss the information, pursuant to CPL 30.30, in that the People were not ready for trial within 90 days. To complement this motion, he argues that, although the present action was commenced by the filing of a felony com *681 plaint (which has a speedy time limit of six months [CPL 30.30, snbd. 1, par. (a)] and which time limitation had not expired), the felony charge had no basis or foundation either in law or fact since the crime upon which the bail jumping complaint was based was a misdemeanor.
The People oppose the motion. They concede that there was an error in drawing up the original felony complaint and that the charge should have been a misdemeanor from the outset. But they argue the error was in good faith and that the defendant compounded the error by waiving his case to the Grand Jury. As to the latter part of their argument, an examination of the record, I assume undiscovered by the District Attorney, indicates the presiding Judge, on his own initiative, held the defendant for the Grand Jury. There was no affirmative waiver of the felony hearing.
While the court finds that the error of drawing up a felony complaint where the charge should have been a misdemeanor was made in good faith, there is no doubt that had the complaint been originally a misdemeanor, this case would long have been disposed of. I cannot agree with the District Attorney’s contention that these “ good faith ” errors must be considered an “ exceptional fact or circumstance ” which would toll the 90-day rule' (CPL 30.30 404 subd. 3, par. [b]; subd. 4). While in the appropriate case a “ good faith ” error may be an “ exceptional fact or circumstance,” if the District Attorney exercised due diligence in drawing up and prosecuting the complaint, he would have recognized that the facts could only support a misdemeanor charge. Furthermore, the original ‘ ‘ errors ’ ’ were compounded by the court’s error in waiving the case to the Grand Jury without a hearing. Had this hearing been held, the presiding Judge and the opposing counsel would surely have recognized the charge to constitute only a misdemeanor.
CPL 30.30 (subd. 5, par. [c]) is not applicable. That section must be read as referring to a criminal action commenced by the filing of an initially proper felony complaint which is later replaced or converted to an information. This is not the situation here since the initial felony complaint had no legal basis.
The issue arises whether the failure of the defendant to object to being held for the Grand Jury without a hearing constituted a waiver to a hearing or an acquiescence to such action, to which he cannot now complain.
CPL 180.30 provides a defendant may waive his right to a hearing. This right is his alone and a waiver of a statutory right will not be lightly implied. The courts have always set *682 high standards of proof for the waiver of rights (Miranda v. Arizona, 384 U. S. 436, 475). I find this especially so when we deal with a sub silentio waiver. A preliminary hearing is a critical stage in the prosecution (Coleman v. Alabama, 399 U. S. 1) and a waiver of that right requires affirmative action by the defendant.
In summary, the delay in the trial of this case was caused by three “ good faith ” errors: (1) the error of the patrolman who verified the complaint; (2) the error of the District Attorney who drew up the complaint charging a felony, and.thereafter sought to prosecute it as such; and (3) the error of a Judge of this court who held the case for the action of the Grand Jury without a preliminary hearing and inquiry as to whether the law and the facts supported the charges. Defendant in no way delayed or affirmatively hindered the prosecution of his case. The fact that he was incarcerated on another matter during the period of the delay did not toll the speedy trial rule of CPL 30.30. A man imprisoned on one matter is still entitled to a speedy trial on his other charges (People v. Ganci, 27 N Y 2d 418).
Accordingly, under the circumstances of this case and in the interests of justice, the motion to dismiss pursuant to CPL 30.30 (subd. 1, par. [b]) is granted, bail is exonerated and defendant is discharged.