■ The People of the State of New York, Appellant, v. Joseph Potts, Richard Marco and Charles Sibbio, Respondents.— Appeal by the People from an order of the Supreme Court, Richmond County, dated May 1, 1973, which granted defendants' motion to dismiss the indictment. Order reversed, on the law and the facts, motion to dismiss indictment denied and indictment reinstated. The three defendants were indicted on January 25, 1972 for, inter alia, the crimes of robbery in the first and second degrees. They were arraigned on February 6, 1973. On February 28, 1973, the case was put on the ready reserve calendar. On April 11, 1973, the People advanced the case for a Wade hearing, but the hearing was adjourned to April 18, 1973 upon defendants' application. At the Wade hearing, facts were elicited which showed that the case against one of the defendants would depend on the testimony of another party, a person who had been arrested with the three defendants but against whom the Grand Jury had returned a no bill. On April 24, 1973, the trial court signed an order requiring this witness to appear on April 30, 1973 for a hearing to determine whether he was a material witness. On April 30, 1973, this witness appeared without his retained counsel and the matter was adjourned to May 1, 1973, with cash bail being set at $350, against the People's request for $25,000, the People noting that this witness had proved very elusive in the past. Although the trial of the indictment was to start on April 30, 1973, it too was adjourned to the next day, because of the absence of one of the defense attorneys. On May 1, 1973, the People advised the court that they could not proceed to trial because of the absence of this witness, and a request for adjournment was made. The request was rejected and, when the People pressed the fact that they could not continue, the court summarily granted defendants' motion to dismiss the indictment. The record shows that this application for adjournment was the first made on behalf of the People, all others being granted

on consent or on the application of defendants. The absence of any evidence in the record concerning this matter precludes a finding that the adjournment requested by the People would unduly prejudice defendants. Certainly, the People had brought the case to trial quickly. Where the court dismisses an indictment in furtherance of justice, "the court must set forth its reasons therefor upon the records" (CPL 210.40 subd. 2). We find no such reasons set forth and a search of the colloquy preceding dismissal of the indictment reveals no inference from which we can determine with any certainty the basis for dismissal. Under the circumstances, and in spite of the trial court's inherent power to control its own calendar, we find that the trial court improvidently exercised this discretionary power when it dismissed the indictment (*People* v. *Clayton,* 41 A D 2d 204; *People* v. *Cangiano,* 40 A D 2d 528). Hopkins, Acting P. J., Martuscello, Latham and Cohalan, JJ., concur.