C. Benn Forsyth, J.
Defendants have moved to dismiss for failure to prosecute. The facts are not in dispute. The defendants were arrested on January 7, 1977. On March 23, 1977, upon motion of the defendants, the charges were dismissed by this court upon the grounds that the informations were insufficient to allege a crime.
In April of 1977 new informations were placed before the court. The defendants voluntarily appeared. This was done so that the defendants would not be arrested and could appear at their own convenience. The motion to dismiss for lack of a speedy trial was made May 26, 1977 returnable June 1, 1977. It has been uniformly held that the time, on a motion to dismiss for failure to obtain a speedy trial, attaches from the date of arrest, not from the date of a mere allegation (People v John, 76 Misc 2d 582). The time runs from the arrest or the first court appearance (People v Kaplowitz, 74 Misc 2d 66). A criminal proceeding is started by the appearance of the defendant, either by arrest or voluntary appearance. The defendants did appear on the present charges on May 4, 1977. The court holds that this is the date to be used for the purpose of a speedy trial. The fact that there had been prior criminal proceedings which terminated, due to the defendant’s motion and over the objection of the District Attorney, does not extend back to January 7, 1977. The case of People v Lupo (74 Misc 2d 679) does not conflict with this result. In that case the People asked for a withdrawal of the complainant so they could present the matter to the Grand Jury. It was the People’s strategy, in a continuing litigation, that resulted in the delay. In the case at bar the defendant’s motion resulted in a termination of the original proceeding over the People’s objection. The People were in no way responsible for deliberately delaying.
Cases considering pretrial delay should be based on balance of the factors of: (1) the extent of the delay; (2) reason for the delay; (3) the nature of the charge; (4) whether there has been incarceration; (5) prejudice to the defendant (People v Kelly, 38 NY2d 633). The court finds that the delay has not been unreasonable. The reason for the delay was the defendants’ *637 motion to dismiss. The defendant selected this course rather than being ready for trial. The charges are serious. There has been no incarceration. There is no indication of prejudice to the defendants. Based on the foregoing the court feels that there has been no denial of the defendants’ right to a speedy trial and denies the application.