■    THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GAIL TRAIT, Respondent.—Order unanimously reversed, motion denied, and indictment reinstated. Memorandum: On September 15, 1978 defendant was charged under an eight-count indictment with having murdered her four children. She interposed a defense of lack of criminal responsibility by reason of mental disease or defect (Penal Law, § 30.05) and was thereafter examined by two psychiatrists on behalf of the prosecution. Jury selection began on April 24, 1979 but was interrupted before any juror was sworn because of the illness of the Assistant District Attorney prosecuting the case. The jury panel was dismissed and the trial was rescheduled to begin on May 2, 1979. During the intervening weekend the District Attorney's office was notified that one of their examining psychiatrists was required to leave the country because of the illness of a member of his family in Pakistan. The doctor indicated that he would return to Buffalo on June 4, 1979. By motion returnable before the Trial Justice on May 2, 1979 the prosecutor, characterizing the doctor's testimony as essential to the People's rebuttal of defense psychiatric testimony, sought an adjournment of the trial until May 28, 1979 and asserted that the People were no longer ready for trial. Concededly the People had moved the case ready for trial prior to the commencement of jury selection on April 24. Although the court laboriously suggested alternatives to the delay of the trial, all designed to effect its immediate commencement, the prosecutor persistently asserted that the People were not ready because the doctor was vital to the complete presentation of the People's case. The court thereupon ordered that jury selection begin and when the prosecutor refused to proceed, the court, upon oral motion of the defendant, dismissed the indictment for "failure to prosecute". On May 4, 1979, upon an application to resettle the order, the court declared that the dismissal was required in the interest of justice (see CPL 210.20, subd 1, par [i]; CPL 210.40). Upon further application of the People, permission was granted to resubmit the matter to another Grand Jury (see CPL 210.20, subd 4). While we recognize the inherent power of the trial court to control its own calendar *(People v Potts,* 44 AD2d 574), nonetheless the order dismissing the indictment must be reversed. A motion for such relief pursuant to CPL 210.20 must be made in writing upon reasonable notice to the People (CPL 210.45, subd 1; see, also, *People v Ray,* 58 AD2d 588; *People v Trottie,* 47 AD2d 751; *People v Rodriguez,* 45 AD2d 41; *People v Ryan,* 42 AD2d 869). Here the defendant's motion was made spontaneously at the urging of the Trial Justice and without any notice to the People of a claim by the defendant that the indictment should be dismissed "in the interest of justice". The language of *People v Clayton* (41 AD2d 204, 207-208) is particularly appropriate to the issue: "The provisions of CPL 210.40 and 210.45 require a hearing when either the prosecution or the defendant moves to dismiss the indictment in the furtherance of justice; and we think that when the court considers *sua sponte* a dismissal for the same reason it should not do so until fair notice of its intention has been given to the parties and a hearing has been held. At the hearing the parties may, if they are so advised, present such evidence and arguments as may be pertinent to the interests of justice. Among the considerations which are applicable to the issue are (a) the nature of the crime, (b) the available evidence of guilt, (c) the prior record of the defendant, (d) the punishment already suffered by the defendant, (e) the purpose and effect of further punishment, (f) any

prejudice resulting to the defendant by the passage of time and (g) the impact on the public interest of a dismissal of the indictment." (See, also, *People v Belkota,* 50 AD2d 118.) Mindful of those considerations, there is no basis in the record for the trial court's exercise of discretion in dismissing the indictment in furtherance of justice. To the contrary, given the nature of the crime, the type of defense interposed, the lack of showing of substantial prejudice to the defendant and the impact of the dismissal upon the public interest, we conclude that the trial court improvidently exercised its discretion in dismissing the indictment (see *People v Potts, supra; People v Cangiano,* 40 AD2d 528). (Appeal from order of Erie Supreme Court—dismiss indictment.) Present—Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.