THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GERALD KITT, Defendant-Appellant.

First Department, May 20, 1982

### APPEARANCES OF COUNSEL

*Julia Pamela Heith, P. C.* and *Joel Winograd* for defendant-appellant.

*William J. Comiskey* of counsel (*Norman Barclay* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*Gerald Kitt,* appellant *pro se.*

### OPINION OF THE COURT

KUPFERMAN, J. P.

The defendant was convicted, after a jury trial, of manslaughter in the first degree and sentenced as a predicate felon to a term of 12 to 24 years.

The defense was that when the defendant asked the deceased for repayment of money loaned, the deceased began to curse at the defendant and pushed him, with a fight ensuing. The deceased had come out of his apartment on the third floor where the defendant had sought him for the repayment. In the fight, the two rolled down the stairs. The deceased banged the defendant's head against the wall with one arm under his chin, and with the other he drew a

gun. The defendant grabbed the gun hand, and the struggle continued to the ground floor, at which point the defendant heard a loud bang. Because he claimed to be dazed, he did not recall more than one shot. He did not recall what happened to the gun.

Approximately one year prior to the trial, the defendant had moved for copies of all scientific or laboratory tests done for the purpose of the case. On the original date set for sentencing, the defense counsel received a letter from the District Attorney disclosing a laboratory test done on the deceased's coat, which test showed that two of the gun shots were contact wounds, and a third was fired from a distance of 12 inches, muzzle to target. The defendant moved to set aside the verdict. At the hearing with respect thereto, it was shown that the jacket had been misplaced and was located on the next to the last day of testimony. The result of the test was received by the prosecution 20 minutes prior to the time the jury was to be charged. The prosecution believed the results to be incriminating and that therefore there was no duty to disclose under *Brady v Maryland* (373 US 83).

The court found that the prosecution had violated its statutory duty pursuant to CPL 240.40 by failing to convey the test results as soon as they were available. However, the court concluded that setting aside the verdict was not warranted inasmuch as the evidence was not exculpatory and would not have raised any reasonable doubt which did not otherwise exist.

The prosecution believed the evidence to be more inculpatory because the defendant had testified that he did not recall more than one shot, and the test would show that there were three shots.

The eyewitness evidence against the defendant came from two children, seven years old at the time of the incident and eight years old at the time of the trial. One was permitted to testify under oath, and the court decided that the other should not be sworn. A third witness was 15 years old. The eyewitness testimony showed that when the shooting took place, the deceased and the defendant were either two or three feet apart. There was testimony to the

effect that as to the seven year old, it was not physically possible for him to have viewed what he claimed to have seen through a window.

There was no question that there was a struggle, and the issue was how the shooting occurred.

The charge to the jury encompassed the crimes of murder in the second degree, manslaughter in the first degree, as well as the defense of justification. The jury could not reach a verdict on the murder count. The prosecution in summation made note of the testimony with respect to distance, which testimony was seemingly contradicted by the laboratory test, the results of which were not at that point available.

In *United States v Agurs* (427 US 97), the United States Supreme Court shed further light on the requirement of *Brady* (*supra*). The court noted that *Brady* stood for the proposition that when request is made for specific evidence, the test to be applied is whether the evidence might have affected the outcome of the case. When there is no request, or where a general request is made, the prosecution is still under a duty to disclose all material evidence which is exculpatory, that is evidence which could create a reasonable doubt which did not otherwise exist.

The Court of Appeals in *People v Kanefsky* (50 NY2d 162, revg 64 AD2d 401) decided 4 to 3 that the failure to produce a diary did not require a reversal because the defendant's conviction was predicated upon a criminal transaction on which the diary had no bearing (at p 166). The dissenting Judges would have affirmed on the opinion in the Appellate Division, which suggested that even a limited use might be of assistance to the defense.

Under the circumstances, we hold that the judgment appealed from should be reversed, on the law, and a new trial ordered for the failure to supply to the defense the laboratory test results at the first opportunity, inasmuch as they had the possibility of assisting the defendant and raising a reasonable doubt.

The judgment of the Supreme Court, New York County (CROPPER, J., and a jury), rendered September 21, 1979 should be reversed, on the law, and the case remanded for a new trial.

SANDLER, MARKEWICH, FEIN and MILONAS, JJ., concur.

Judgment, Supreme Court, New York County, rendered on September 21, 1979, unanimously reversed, on the law, and the case remanded for a new trial.