THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERALD KITT, Respondent.

First Department, April 7, 1983

APPEARANCES OF COUNSEL

*Robert M. Pitler* of counsel (*Marc Frazier Scholl* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Kenneth J. Aronson* of counsel (*Julia Pamela Heit,* attorney), for respondent.

OPINION OF THE COURT

MURPHY, P. J.

At the original trial, defendant was convicted of manslaughter in the first degree (Penal Law, § 125.20). On May 20, 1982, this court reversed and ordered a new trial (86 AD2d 465). Judge FUCHSBERG denied the motion for leave to appeal on July 9, 1982 (57 NY2d 678). In the interim, the case had been assigned to Part 80. On July 12, 1982, the defendant posted bail in the sum of $50,000 and he was

released. On an adjourned date, September 9, 1982, a one-month adjournment was granted to October 12, 1982 upon the consent of both parties.

Because the Assistant District Attorney (ADA) on this matter was engaged in the trial of another case, adjournments were granted on October 12, 13, 14, 18 and 19. On the last date, the trial court stated there would be no further adjournments granted. The court stressed that, if the prosecution was not ready to proceed on October 20, it would consider an appropriate application by defense counsel and act accordingly.

On October 20, the ADA informed the trial court that he was still engaged in the other trial. He also informed the court that the prosecutor was not ready since (i) the investigating detective had retired, (ii) a principal witness had moved to California, and (iii) two other witnesses could not be located. Nonetheless, the trial court granted the defense motion to dismiss on the ground that the prosecution was not ready to proceed.

It should be emphasized that the motion to dismiss was not granted upon the ground that defendant was denied a speedy trial (CPL 30.20, 30.30). Likewise, the motion was not granted in the furtherance of justice (CPL 210.40). The motion was apparently granted on the distinct ground that the case was not prosecuted within a reasonable period of time. A dismissal for failure to prosecute has no statutory premise found in CPL 210.20. It is based upon the actual or implied abandonment of a case by the prosecution. (*People v Morgan,* 90 Misc 2d 416, 418, affd 72 AD2d 552.) Essentially, a dismissal is granted upon the power of a trial court to control its own calendar. (*People v Cangiano,* 40 AD2d 528.)

The prosecution attempts to seek review of the order of dismissal by direct appeal or, alternatively, by a CPLR article 78 proceeding in the nature of mandamus. Since "failure to prosecute" is an additional ground for seeking the dismissal of an indictment, it shall also be held governable by CPL 210.20, although not mentioned in that statute. Hence, the order of dismissal is reviewable by direct appeal under CPL 450.20. In light of the fact that

this grievance may be redressed by the regular appeal process, this article 78 proceeding is an improper vehicle for review. (*Matter of Hogan v Court of Gen. Sessions of County of N. Y., 296 NY 1, 8-9.*) In any event, the article 78 proceeding becomes academic once the matter is resolved by direct appeal.

■ The present motion to dismiss was made orally by defense counsel. The ADA pointed out that the motion was governed by CPL 210.45 (subd 1), and thus, should have been made in writing and upon reasonable notice to the People. Despite this objection, the trial court granted the oral motion. Reversal is warranted for the fundamental reason that the defendant failed to comply with the strictures of CPL 210.45 (subd 1). (*People v Ryan,* 42 AD2d 869.)

Even if the merits of the oral motion are considered, the result is the same. This case involves a murder that occurred on May 16, 1978. The first trial commenced on May 3, 1979. Therefore, it is understandable that many of the witnesses were not immediately available for the second trial scheduled for the fall of 1982. Moreover, the ADA assigned to this matter was actively engaged in a lengthy trial on the date of the dismissal. There was no necessity to rush this case to trial because the defendant was incarcerated; the defendant was free on bail. It should be further stressed that defendant did not demonstrate that he would be prejudiced in any way by additional adjournments in this matter.

As was previously mentioned, a trial court has inherent power to control its calendar. (*People v Cangiano, supra.*) However, a trial court must be very wary that administrative pressures relating to calendar movement do not unduly influence it in the exercise of its sound discretion. In the circumstances of this proceeding, the trial court abused its discretion in forcing the ADA to trial in an unreasonably short period of time after this most serious matter had been remanded for retrial.

For the reasons stated, the order of the Supreme Court, New York County (KATZ, J.), entered October 20, 1982, should be reversed, on the law and the facts, and the indictment should be reinstated. The article 78 proceeding should be dismissed as academic, without costs.

SANDLER, J. (concurring). I agree that the trial court erred under the circumstances presented in dismissing this indictment charging defendant with murder in the second degree and in denying the District Attorney's request for a brief adjournment.

The more far-reaching question is presented by the District Attorney's contention that there are no circumstances under which a trial court would have the power to dismiss an indictment where, on a date fixed for trial, the District Attorney is unable or unwilling to proceed to trial, and that date precedes the expiration of the periods of time set forth in CPL 30.30. Acknowledging that essentially this principle appears to have been sanctioned by the Second Department (see, e.g., *People v Djonbalic,* 87 AD2d 598, lv to app den 56 NY2d 651; *People v Lebensfeld,* 82 AD2d 925, lv to app den 54 NY2d 763; *People v Stein,* 70 AD2d 634), I believe the position urged by the District Attorney to be fundamentally untenable.

The District Attorney argues persuasively that the Criminal Procedure Law defines the grounds on which a trial court may dismiss an indictment prior to trial, and sets forth the procedures that regulate a motion to dismiss an indictment (see CPL 210.20, 210.45; see, also, CPL 240.70, subd 1; *People v Szychulda,* 57 NY2d 719). However, CPL 210.20 and 210.45 clearly relate only to motions to dismiss prior to trial and in no way affect the authority of a Trial Judge to dismiss an indictment after a trial has commenced. Once a trial has begun, the principle is fundamental, and not disputed by the District Attorney, that the trial court has the power to dismiss an indictment if the prosecutor is unable or unwilling to proceed to trial for reasons that the court appropriately finds insufficient to justify either an adjournment or a termination of the trial without prejudice. Accordingly, the critical question presented is whether a motion by a defendant in a criminal case to dismiss an indictment where the District Attorney unjustifiably declares his unwillingness or inability to proceed on a date fixed for trial should be considered a pretrial motion regulated by CPL 210.20 and 210.45 or a motion addressed to a Trial Judge after the trial has commenced.

On any realistic analysis of what occurred, it seems to me the sounder conclusion to evaluate what occurred as though it were an exercise of discretion by a trial court after a case had been placed on trial. In effect, the District Attorney stated to the trial court that he would not proceed if the case were placed on trial. In light of this clear statement, it would have been a pointless formality for the trial court first to have declared the case on trial and then entertain an application for dismissal on the District Attorney's failure to proceed.

In response to this analysis, the District Attorney has contended that CPL 30.30 effectively denies a trial court the power to direct a trial to proceed over the objection of a District Attorney if the relevant time periods fixed in the section have not expired. I find nothing in the language of the section, nor in its legislative history, to support this novel concept. CPL 30.30 provides that a motion pursuant to section 210.20 (subd 1, par [g]) *must* be granted where the People are not ready for trial after specified periods of time. Nothing in the section purports to limit the authority of a trial court to direct that a criminal case proceed to trial prior to the expiration of the periods of time set forth in the section.

The underlying defect in the position urged by the District Attorney is that it would result, if accepted, in a disturbing and unacceptable inequality in the positions of the District Attorney and the defendant. The principle is well established, and indeed has been frequently supported by prosecuting offices, that the trial court under appropriate circumstances may direct a criminal trial to proceed over the objection of a defendant that he is not ready for trial. It is difficult to believe that the several sections of the Criminal Procedure Law relied upon by the District Attorney are correctly interpreted to deny a corresponding power in the trial court to direct a trial to proceed over a similar claim of the District Attorney.

In sustaining the power of a trial court to dismiss an indictment where the District Attorney is unreasonably unable and unwilling to proceed on a date appropriately fixed for trial, I do not intend to minimize in any way the large public interest in the prosecution of meritorious

indictments. Dismissal of an indictment is a drastic judicial response which should not be utilized except under compelling circumstances and after a serious effort to explore other possibilities. Implicit in the reversal of the trial court's dismissal of the instant indictment is the conclusion that the circumstances here were not sufficiently compelling to justify the action that was taken.

KUPFERMAN, CARRO and KASSAL, JJ., concur with MURPHY, P. J.; SANDLER, J., concurs in a separate opinion.

Order, Supreme Court, New York County, entered on October 20, 1982, unanimously reversed, on the law and the facts, and the indictment reinstated.