■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHUCK JONES, Respondent. — Order of the Supreme Court, New York County (B. Altman, J.), rendered June 17, 1981, dismissing the indictments against defendant reversed, on the law and the facts, the indictments reinstated and the matter remanded for further proceedings. On August 11, 1977 defendant was indicted for burglary in the third degree as a result of looting alleged to have been committed by him on July 14, 1977, the night of the New York City blackout. On May 9, 1978 he failed to appear in court and a bench warrant for his arrest was issued. By reason of Jones' arrest on October 22, 1980 on an unrelated charged he was returned to face the burglary charge. On December 23, 1980 he was indicted for bail jumping. When the cases appeared on the calendar on June 17, 1981 the People, for the first time, indicated their readiness for trial. On further inquiry, however, it was indicated that the assistant assigned to the prosecution of the case had been directed by another Judge to go to trial on another case on June 22, 1981. Although defendant was not present in court his attorney moved orally to dismiss the indictments on the ground that, in his opinion, "if the case were adjourned beyond today * * * Mr. Jones would have a valid [CPL] 30.30 motion. I ask that the cases be dismissed at this time for failure to prosecute". Over the People's objection the cases were dismissed. The court did not specify any reason therefor. In the absence of any indication by

the court of the specific reason for its dismissal we are constrained to treat with the several possible bases for its action. The grounds upon which an indictment may be dismissed are enumerated in CPL 210.20. The only ground here applicable is the failure to accord defendant a speedy trial (CPL 30.20, 30.30). The procedure applicable to such a motion is set forth in CPL 210.45. Among the requirements is that the motion be in writing and upon reasonable notice to the People. Neither mandate was here complied with. Hence, dismissal on that ground was not warranted (*People v De Rosa,* 42 NY2d 872). If, on the other hand, the dismissal be deemed part of the inherent power of the court to control its own calendar (*People v Kitt,* 93 AD2d 77; but see *People v Djonbalic,* 87 AD2d 598, application for lv to app den 56 NY2d 651), it constituted an abuse of discretion (see concurring opn of Sandler, J., in *People v Kitt, supra*). The only other possibility would have been in the furtherance of justice (CPL 210.40). However, there is no indication that the court ever considered the elements required by statute to be considered or that it set forth "upon the record" its reasons therefor (CPL 210.40, subd 2). In sum, we hold that the court erred in dismissing the indictments. Accordingly, we reverse, reinstate the indictments and remand for further proceedings. Concur — Sullivan, J. P., Asch, Bloom, Milonas and Kassal, JJ.