■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ISHMAEL MUHAMMAD, Respondent. — Order, Supreme Court, New York County (Haft, J.), entered on March 12, 1982, granting defendant's motion to dismiss the indictment, reversed, on the law, and the indictment reinstated.

Defendant was indicted on December 18, 1980, charged with five counts relating to forgery, possession of stolen property, and drug possession. On February 24, 1982, the case was adjourned to March 11, 1982, and marked "final for trial". On that date, the case appeared in the Calendar Part. The People announced their readiness for trial, stating that they were awaiting the return of an analysis of a handwriting exemplar which had been supplied by defendant, pursuant to order. The People further stated that they would proceed to trial even if the analysis were not received in time. The defense made an oral application to dismiss the indictment stating that it had intended to use the possible exculpatory nature of the said analysis. The court categorized the latter assertion as "nonsensical" and questioned the defendant's failure to seek an expert opinion.

At a further call of the case, later the same day, defense counsel informed the court that, on February 24, 1982, there had been "a promise" to dismiss the case if the handwriting analysis was not produced. The court referred the case for suppression and trial on the following day, before another judge, "subject to any prior ruling that I have made promising a dismissal of this action."

The following day the matter was returned to the Calendar Judge with a copy of the minutes of February 24, wherein the

court had indicated its intention to dismiss the case if the People did not produce the handwriting analysis by March 11. The People asserted their readiness for trial, stating that the analysis was not needed. The court thereupon dismissed the indictment.

As the defendant candidly concedes, dismissal of the indictment, in the absence of a proper written motion, was a clear violation of CPL 210.45 (1). (*People v Kitt,* 93 AD2d 77 [1st Dept 1983].) The Court of Appeals has also held, in *People v Douglass* (60 NY2d 194, 197 [1983]), that there is no inherent power in the courts to dismiss a criminal case for " 'failure to prosecute' " or " 'calendar control.' " Concur — Kupferman, J. P., Sandler, Carro and Rosenberger, JJ.