■ The People of the State of New York, Appellant, v Luis Garcia, Respondent.—Order, Supreme Court, New York County (Herbert Altman, J.), entered November 25, 1985, dismissing counts 1, 2, 4 and 5 of an indictment charging defendant with criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31) and criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06) in the interest of justice pursuant to CPL 210.20 (1) (i) and 210.40, unanimously reversed, on the law, the indictment reinstated and the matter remanded for further proceedings.

On October 10, 1985, a superseding indictment charged defendant in connection with the sale, on May 15, 1985, of tablets containing codeine and gluthethimide to an undercover officer, who, it is alleged, had been steered to defendant by Ivan Velez. At the time of their arrest, Velez was found in possession of the "buy money" and a quantity of pills contained in paper bags. Subsequently, the charges against Velez were dismissed and, on that basis, defendant made a *Clayton (People v Clayton,* 41 AD2d 204) motion to dismiss the charges in the interest of justice (CPL 210.20 [1] [i]).

The court granted the motion without setting forth its reasons or rationale, other than by the following statement: "I find that this is one of those rare cases in which the winds of mercy must prevail over the harshness of the narcotics law." This was error because of its insufficient compliance with the statute.

CPL 210.20 (1) authorizes a motion to dismiss an indictment on certain enumerated grounds, including, *inter alia,* "[d]ismissal is required in the interest of justice, pursuant to section 210.40" (para [i]). CPL 210.40 (1) permits dismissal "in furtherance of justice" where there is "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice." The statute sets forth the factors to be considered "individually and collectively," and subdivision (2) directs that "the court must set forth its reasons therefor upon the record."

CPL 210.40 has been strictly construed to mandate that, upon such a motion, the court consider the statutory elements and set forth the reasons underlying its determination *(People v Rickert,* 58 NY2d 122, 128; *People v Jones,* 93 AD2d 743, 744; *People v Johnson,* 49 AD2d 928; *People v Potts,* 44 AD2d 574). In *People v Rickert (supra,* at p 128), the court cautioned that "vague or conclusory reasons, unsupported by a record which gives them enough substance to 'clearly demonstrate' the actual existence of at least 'some compelling factor, consideration or circumstance', will not make for the intended meaningful appellate review." It held (p 128): "Thus, while the statute does not compel catechistic on-the-record discussion of items (a) through (j), useful as that would be to indicate that in fact all applicable items have been considered, the need to show that the ultimate reasons given for the dismissal are both real and compelling almost inevitably will mean that one or more of the statutory criteria, even if only the catchall (j), will yield to ready identification."

On this record, we cannot ascertain what factors the Trial Justice considered in the exercise of his discretion. We cannot ascertain if the Justice adhered to the statute in terms of considering the elements required to be considered; nor did he set forth "upon the record" his reasons for dismissing the indictment. The failure to conform to the statute obviously precludes "meaningful appellate review" and requires reversal and remand for further proceedings on the basis of a proper record. In doing so, we have not considered the underlying

merits of defendant's *Clayton* motion. Concur—Ross, J. P., Carro, Asch, Kassal and Ellerin, JJ.