■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. KEITH RYAN and PAUL SMOOT, Respondents.— Appeal by the People from an order of the Supreme Court, Kings County, dated February 20, 1973, which granted defendants' motion to dismiss the indictment filed against them. Order reversed, on the law and the facts, indictment reinstated and motion denied. The matter is remitted to the Criminal Term with directions that an immediate trial preference be granted the defendants. Defendants were arrested on March 23, 1972. An indictment was filed on May 3, 1972, charging them (together with a third codefendant, not represented on this appeal) with 15 counts of robbery, attempted robbery, grand larceny, attempted grand larceny, assault and possession of weapons and dangerous instruments and appliances, as a felony. Defendants' contention is that they moved for dismissal of the indictment for lack of speedy prosecution on September 19, 1972, the District Attorney's office having been given two days in which to respond. The Criminal Term dismissed the indictment on January 26, 1973, after hearing oral argument on the motion that same day. The record contains what is said to be the history of the instant case as marked in the Supreme Court Trial Folder. There is no notation that any motion to dismiss for failure to grant a speedy trial was made by these defendants. The assumption is, therefore, that such motion was made orally. The granting of such a motion constitutes error. The statutory language is clear and mandatory that a motion, made prior to conviction, to dismiss an indictment for lack of prosecution must be (a) in writing and (b) upon reasonable notice to the People (CPL 210.45, subd. 1; CPL 210.20, subd. 2). To the same effect is our decision in *People* v. *Cowan* (21 A D 2d 687), wherein we stated that motions to dismiss an indictment must be made upon prior written notice of motion and be supported by affidavits. At bar, the record is devoid of any showing of a notice of motion or supporting affidavits. Although defendants did submit memoranda of law, the same does not constitute proper compliance with the procedural requirements on a motion of this nature. Hence, there is no record, proper in form and content, upon which the dismissal of the indictment may be sustained. Moreover, we do not believe that upon the record herein, the delay of eight months, from the time the indictment was returned to the date it was dismissed, was so inordinate as to require the drastic remedy of dismissal of the indictment. Although an important question of deprivation of constitutional rights is involved, this must be balanced against the broader interests of society at large (*People ex rel. Franklin* v. *Warden*, 31 N Y 2d 498, 503). Under the facts and circumstances extant herein, we conclude that the Criminal Term's dismissal of the indictment constituted an improvident exercise of its discretion. In reversing and reinstating the indictment, we also direct that the matter be remitted to the Criminal Term with instructions to grant an immediate trial preference (*People ex rel. Franklin* v. *Warden, supra*). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur. [72 Misc 2d 990.]