Allen Moss, J.
This motion presents a question which is .troublesome, which soon will become more so, and for which there is, as yet, no appellate guideline.
Defendant moves under CPL 170.30 (subd. 1, par. [e]) and CPL 30.30 (subd. 1, par. [b]) to dismiss the misdemeanor information. He alleges that he has been denied his right to a speedy trial, that the period fixed within which the District Attorney must be ready for trial has expired, and thát the District Attorney within such period has never been ready for trial.
CPL 30.30 (subd. 1, par. [b]) provides that “ except as otherwise provided in subdivision three, a motion * * * must be granted where the people are not ready for trial within * * * ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by * * * imprisonment of more than three months and none of which is a felony ” (emphasis supplied).
Paragraph (b) of subdivision 3 of section 30.30 provides that such a motion ‘1 may be denied where the people are not ready for trial if the people were ready for trial prior to the expiration of the specified period and their present unreadiness is due to some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there áre reasonable grounds to believe that such evidence will become available in a reasonable period.” (Emphasis supplied.) Subdivision 4 prescribes periods to be excluded from the computation of the time period. There are no such excludable periods in this case which affect this motion.
All the charges against defendant at the time of the motion are misdemeanors, petit larceny (Penal Law, § 155.25), criminal possession of stolen property (Penal Law, § 165.40), and unauthorized use of a motor vehicle (Penal Law, § 165.05). Originally the first two were charged as felonies, grand larceny (Penal Law, § 155.30), criminal possession of stolen property (Penal Law, § 165.45), and only the third charge was a mis *923 demeanor, but on June 9, 1973 on consent of the Assistant District Attorney, the felony charges were reduced to misdemeanors.
Chronologically the steps in this action were:
May 7,1973 — Alleged crime occurred; defendant was arrested and arraigned (on two felony charges and one misdemeanor). He was held on bail (which was not posted) for felony hearing May 9.
May 9 — Hearing adjourned to May 30 at People’s request. Defendant was released on his own recognizance.
May 30 — Hearing adjourned to June 11 at defendant’s request (for his consideration by Brooklyn Court Employment Project).
May 30 — Defendant, on some date during this period, was arrested in connection with another charge.
June 9 — Hearing adjourned to June 19. Because defendant was incarcerated in connection with the other charge, bail was fixed in this matter to give defendant the benefit, in this action too, of his jail time. Because of Brooklyn Court Employment Project’s interest until June 9 the period between May 30 and June 19 (a reasonable period after Brooklyn Court Employment Project withdrew) is chargeable to defendant, but this fact is not relevant on this motion for the reason stated below.
June 19 — Complainant’s testimony was stipulated by defendant. The felony charges were reduced to misdemeanors on consent of Assistant District Attorney. Action was adjourned to June 27 for misdemeanor hearing. The 90-day period within which the People must be ready for trial began- to run on June 19, the first date on which all the charges against defendant were misdemeanors and none was a felony.
June 27 — Misdemeanor hearing adjourned to July 24 at People’s request.
July 24 — Misdemeanor hearing held. Defendant held for trial Defendant requested trial by jury. Jury trial date fixed for August 1. On July 24 the arresting officer was present. Complainant’s testimony having been stipulated, the officer was the only People’s witness necessary for the trial.
August 1 — Defendant (still incarcerated) was produced by Department of Correction quite late in the day. There seems to have been some confusion earlier in the day as to whether he was incarcerated or free on bail. A warrant was ordered to be issued, but the order was rescinded. The jury trial was adjourned to September 4. (On this motion to dismiss, testimony was taken by this Court to determine whether the arresting *924 officer was present in court on August 1. It was determined as a fact that he was not.)
September 4 — Jury trial adjourned to September 24 at People’s request because the officer was on vacation. Notice of the adjourned date was sent to the officer.
September 24 — Jury trial adjourned to October 11 by the People because the officer was not present in court. Marked 1 ‘ Pinal against People. ’ ’ Officer was again notified of adjourned date.
October 11 — Everyone present. Both sides ready. No jury part available. Defendant moved orally to dismiss under paragraph (e) .of subdivision 1 of CPL 170.30. Trial and motion were adjourned to October 15.
October 15 — Everyone present. Both sides ready, but action was not sent to jury part for trial because defendant requested time within which to submit memorandum or cases on motion. Trial and motion adjourned to October 18.
October 18 — Everyone present. Trial and motion adjourned to October 23.
October 23 — Everyone present. Motion was argued. Court took testimony of officer concerning his presence in court for trial on August 1. He lacked written records of his activities on that date and needed them to be certain. Argument of motion and testimony of officer continued to October 24.
October 24 — Officer produced his time, records. These indicated that he was not in this court on this case or any other on August 1.
The Assistant District Attorney makes two claims. First, he contends that the People were ready and could have proceeded to trial on July 24, the date on which the misdemeanor hearing was held. However, he admitted that he made no such statement to the court on that date, nor did he request on July 24, the hearing day, that there be a jury trial that very day of this action. His second claim is that on August 1 the People were ready for trial because the officer was in court and he is the only essential witness for the People. Had the officer been in court on this case, or even had he been in another part of this court in this county and therefore available for the trial of this case, the People may have come under the exception of CPL 30.30 (subd. 3, par. [b]) because this date was prior to the expiration of the 90-day period which began to run on June 19. The court felt that every opportunity should be given to the District Attorney to establish this fact, and it acted accordingly. But when all the testimony of the officer was in, and his *925 records were produced, it became clear that the People were not ready for trial on August 1.
The 90-day time period fixed by CPL 30.30 began to run on June 19, when the felony charges were reduced to misdemeanors. The first day after June 19 on which the People were ready for trial was October 11, which is 114 days after June 19. On these facts this court has no discretion. The statute directs that the action must be dismissed on defendant’s motion.
This action does not come within the rule of People ex rel. Franklin v. Warden (31 N Y 2d 498) that where the People were ready for trial but a trial could not be had because congestion of court facilities prevented the case from being reached for jury trial the action shall not be dismissed. Nor does People v. Ganci (27 N Y 2d 418) aid the District Attorney for, again, the delay was caused not by his unreadiness for trial but by congestion of the criminal trial calendar. The facts in this case more closely resemble those in People v. Ryan (72 Misc 2d 990 [Sup. Ct., Kings County, Thomas R. Jones, J.]) in which the District Attorney did not move defendants’ cases for trial because he claimed, in essence, that his office had too much work to do.
Our Legislature, in enacting CPL 30.30, has fixed time periods within which the People must at least once be in fact ‘ ‘ ready for trial.” The Criminal Court can and does try its jury cases within the applicable time periods if there is reasonable diligence in the early processing of the actions. Disregarding entirely the delay of 43 days between the arraignment on May 7 and the reduction of the felony charges on June 19, the District Attorney has made no effort to show any impelling reason for the first long delay from June 27 to July 24 at People’s request, nor for the delay of 34 days from August 1 to September 4. The delay thereafter of 20 days to September 24 because the officer “ was on vacation ” is understandable, but not the unexplained failure of the officer to appear for trial on September 24, after his vacation. The court records indicate that notice of the adjourned date was given to the officer.
There are lessohs to be learned from this case. The directive of the Administrative Judge of this court prohibiting lengthy adjournments except for compelling reason should be heeded. Accurate up-to-date availability charts of officers are an urgent necessity in every file. They prevent adjournments to vacation periods and to “ regular days off.” The court does not wish to deny or limit police officers’ days off and vacations. They are rightfully entitled to both — more so than many others. *926 But the District Attorneys and the courts ought to know about them in advance. There must be closer cooperation between police, District Attorneys and courts to prevent waste of officers’ time and this can best be done by having officers in court when they are needed. In this case the officer came to court on five occasions after the 90-day period had expired. Had he appeared in court but once either on August 1 or September 4 before the period expired, he would have saved himself and the Police Department five days spent futilely in court at the wrong timé. Also he would have very likely (as the facts appear from the papers in this case) secured a conviction instead of a dismissal.
Unless there comes into existence the closer co-operation needed and unless the people’s requests for adjournments are kept to absolute mínimums, we shall see many such dismissal motions and the courts will have no basis for any decision except dismissal, as in the case before us.
The motion to dismiss is granted and the defendant is discharged.