OPINION OF THE COURT
Mario Pittoni, J.
Petitioner requests a judgment prohibiting the enforcement of an order of respondent, a District Court Judge, dated June 20, 1978, which rescinded respondent’s earlier order dated December 5, 1977, granting an application pursuant to CPL 180.50, to reduce the charge of burglary in the second degree in the Nassau County District Court to criminal trespass in the second degree.
Petitioner brings on this CPLR article 78 proceeding since petitioner claims that respondent exceeded his authorized powers by rescinding the order granting the reduction of *187 the charge against petitioner. The claim is that the respondent is acting beyond his jurisdiction and is thus exceeding his authorized powers in a proceeding over which he has jurisdiction. This CPLR article 78 proceeding in the nature of prohibition is therefore a proper remedy (Matter of Steingut v Gold, 42 NY2d 311; La Rocca v Lane, 37 NY2d 575; Matter of Seidenberg v County Ct. of Rockland, 34 NY2d 499; Matter of Proskin v County Ct. of Albany, 30 NY2d 15; Matter of Lee v County Ct. of Erie, 27 NY2d 432).
Although this is a proceeding against a Judge of a court of record, the Attorney-General of New York has declined to represent him on the ground that the Attorney-General of the State of New York must support the constitutionality of statutes, whereas in this case respondent has based his actions on the ground that the statute involved in this case, CPL 180.40, is unconstitutional.
The District Attorney of Nassau County not only does not oppose this application but joins in the application. He has also brought two other proceedings against the same respondent for the very same declaration and direction that petitioner requests.
Petitioner was arrested on August 29, 1977, and was charged in the Nassau County District Court with burglary in the second degree. The accusation was that he entered a dwelling at night with the intent to assault another.
On October 17, 1977, petitioner, having been released in his own custody, waived his right to a hearing on the felony complaint and was held for the action of the Grand Jury. However, pursuant to CPL 180.40, the District Attorney applied to the County Court for an order returning the case to the District Court for reconsideration. On November 10, 1977, Judge Henderson Morrison, the presiding Judge of the County Court, granted the District Attorney’s application and ordered the case returned to the District Court.
CPL 180.40 reads as follows: "Where the local criminal court has held a defendant for the action of a grand jury, the district attorney may, at any time before such matter is submitted to the grand jury, apply, ex parte, to the appropriate superior court for an order directing that the felony complaint and other papers transmitted to such court pursuant to subdivision one of section 180.30 be returned to the local criminal court for reconsideration of the action to be taken. The superior court may issue such an order if it is *188 satisfied that the felony complaint is defective or that such action is required in the interest of justice.”
On December 5, 1977, the case appeared on the calendar in the District Court before respondent, and, pursuant to CPL 180.50, the District Attorney moved to reduce the charge of burglary in the third degree (Penal Law, § 140.20) to a charge of criminal trespass in the second degree (Penal Law, § 140.15). Respondent granted this application. At the same time, the District Attorney requested leave to file a prosecutor’s information charging petitioner with assault in the third degree pursuant to subdivision 1 of section 120.00 of the Penal Law. Whereupon respondent directed "that a prosecutor’s information be filed charging the defendant with assault, third degree.”
Thereafter, the case was adjourned in the District Court while awaiting the filing of the prosecutor’s information charging assault in the third degree, and on May 22, 1978, the case came on for trial before Judge Mellan of the District Court. However, on June 7, 1978, Judge Mellan referred the case to respondent, who received the case on June 14, 1978.
On June 14, 1978, the case came on before respondent who, sua sponte, rescinded his order of December 5, 1977, which reduced the charge from burglary in the third degree to criminal tresspass in the second degree and stated: "When the matter got to trial, the District Attorney then decided that he doesn’t have the factual information to warrant the filing of a prosecutor’s information for assault third and the file was referred to me and I notice two things. There is a waiver to the Grand Jury and the 180.40 directing it be returned was not for the purpose of reducing it for trial but for the purpose of taking a disposition.”
Respondent also filed a formal written opinion and order dated June 20, 1978, in which he said that his "court did not have the authority to grant a 180.50 motion”, and referred to another sua sponte decision, People v Donaldson, in which he had held that CPL 180.40 was unconstitutional.
Petitioner claims that respondent Judge lacked the power to issue an order rescinding his order of the earlier granting of the application to reduce the charges pursuant to CPL 180.50. The District Attorney agrees.
 Respondent improperly refused to comply with an order of the County Court, a superior court, which mandated him to reconsider the case in issue pursuant to CPL 180.40 *189 and 180.50. Rather, respondent, sua sponte, declared CPL 180.40 unconstitutional and on that basis referred the case to the Grand Jury. Respondent assumed that the statute violated both section 6 of article I of the New York State Constitution, and the due process clause of the Federal Constitution.
No citation is needed to establish the fundamental rule and strong presumption that a statute duly enacted by the Legislature is constitutional.
Respondent fails to recognize in his Donaldson decision that section 6 of article I of the New York State Constitution, which requires Grand Jury action, applies only to "capital or otherwise infamous crimes”. Thus, misdemeanors do not come within the purview of that section (People v Bellinger, 269 NY 265; People v Erickson, 302 NY 461; Matter of Hogan v Rosenberg, 24 NY2d 207).
Also, a reading of the core section involved, CPL 180.40, shows that it involves only a preliminary proceeding. No State constitutional language or case law requires that matters preliminary to a potential felony indictment be conducted or processed only after a Grand Jury proceeding. Actions such as arraignments, bail applications and preliminary felony hearings are generally and legally conducted prior to Grand Jury hearings.
Also, preliminary proceedings prior to Grand Jury action are conducted in the lower courts pursuant to CPL 180.50 to inquire into the facts in issue and it is there decided whether any further proceeding is warranted. Such proceedings may show no cause or requirement for further prosecution or action.
All that CPL 180.40 accomplishes is permission to the lower court to reconsider its original CPL 180.50 evaluation. The action of the County Court, a superior court, pursuant to CPL 180.40 in renewing jurisdiction of a lower court for CPL 180.50 purposes does not violate any constitutional protection. The protection of CPL article 190 which a defendant has in respect to Grand Jury presentation and proceedings only accrue when the Grand Jury is presented with accusations against him. However, if a prospective felony charge dies in a preliminary proceeding, a defendant has not been denied any constitutional or statutory privileges or protections. The preliminary proceedings have resulted to his advantage. Here a granting of relief pursuant to CPL 180.50 must, by operation of law, reduce the scope of the potential punishment to, at *190 most, a misdemeanor. Thus, the right to a Grand Jury hearing and the CPL 180.50 guarantees evaporate (People v Kiminsky. 208 NY 389).
Contrary to this, respondent maintains in his Donaldson decision that once a felony complaint is held for the action of the Grand Jury, CPL 190.55 (subd 2) makes the presentation to the Grand Jury mandatory. CPL 190.55 (subd 2, par [a]) states: "A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant who, on the basis of a felony complaint filed with a local criminal court of the county, has been held for the action of a grand jury of such county”.
Respondent contends that the statute in issue, CPL 180.40, is unenforceable because of that mandatory language of CPL 190.55 (subd 2, par [a]) quoted above. In this, he is incorrect. He is in effect saying that CPL 190.55 (subd 2) completely wipes out the statute in issue, CPL 180.40. Any such interpretation would render the statute involved, CPL 180.40, a nullity, a result plainly not intended by the Legislature which enacted both provisions. They must be read together. Then the correct interpretation of CPL 180.40 is that it is an exception to CPL 190.55 (subd 2) and permits a revesting of the jurisdiction in the lower court for CPL 180.50 purposes. Thus, when read together, these two statutes mean that the District Attorney must present a pending felony to the Grand Jury unless the case is returned to the lower court for reconsideration and upon reconsideration the matter is prosecuted as a misdemeanor. Thus, to repeat, the constitutional protection of section 6 of article I of the New York State Constitution does not apply.
Respondent’s relying on Matter of Simonson v Cahn (27 NY2d 1), is misplaced because that case merely refers to prosecution of felonies and not misdemeanors.
The claim that CPL 180.40 violates the due process clause of the Federal Constitution is also incorrect. The Federal Constitution guarantees Grand Jury action only for capital and other infamous crimes, not for misdemeanors. Furthermore, the Federal constitutional clause requiring Grand Jury action does not apply to criminal prosecutions in State courts (Gosa v Mayden, 413 US 665; Hurtado v California, 410 US 576). Again, the Federal Constitution does not require Grand Jury actions for petty offenses (Duke v United States, 301 US 492; Michel v Louisiana, 350 US 91).
*191 To respondent’s contention in his Donaldson decision that CPL 180.40 improperly permits the District Attorney a unilateral review of the District Court action, the ready answer is that the District Attorney is not authorized to reduce the pending felony to a misdemeanor. He is only authorized to apply to a superior court, which is then empowered only to request the lower court to reconsider its decision. To repeat, under CPL 180.40, the District Attorney does not have the power to reduce.
Therefore, CPL 180.40 is constitutional under both the Federal and State Constitutions and is legally effective with other CPL provisions.
Petitioner’s application is granted and he shall have judgment as requested in his petition.