*240 OPINION OF THE COURT
Herbert Altman, J.
The defendant has moved to dismiss the information against him on the ground that he has been denied his right to a speedy trial as provided for in CPL 30.30. The issue to be decided, which has not heretofore been decided by any court, is whether the granting by the Supreme Court of a motion by the People pursuant to CPL 180.40 returning a felony complaint to the Criminal Court is tantamount to the conversion of that complaint to a misdemeanor information within the meaning of CPL 30.30 (subd 5, par [c]).
The defendant was charged, by felony complaint, with the crimes of rape in the first degree, burglary in the first degree, assault in the second degree and attempted sodomy in the first degree. After a preliminary hearing in the Criminal Court, the defendant was held for the action of a Grand Jury pursuant to CPL 180.70. The parties have stipulated that, for the purposes of this motion, the only time properly chargeable to the People began with the granting of the motion in the Supreme Court on January 11, 1978 to return the felony complaint to the Criminal Court.
Except as otherwise provided in CPL 30.30, a motion pursuant to CPL 170.30 (subd 1, par [e]) to dismiss a misdemeanor information on the ground that a defendant has been denied his right to a speedy trial must be granted if the People are not ready for trial within specified time limits. Those limits are six months from the commencement of the action if a felony is charged and 90 days from the commencement of a criminal action if a misdemeanor is charged (CPL 30.30, subd 1, pars [a], [bj).
Those situations in which felony complaints are converted to misdemeanor informations or complaints are governed by CPL 30.30 (subd 5, par [c]), which provides: "(c) where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the *241 aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”. (Emphasis supplied.)
The defendant contends that, for all practical purposes, the felony complaint was converted to a misdemeanor information on January 11, 1978, when the People’s motion to return the case to the Criminal Court was granted. Both sides agree that 103 days chargeable to the People passed from that date until the motion was made. They also agree that only 89 days chargeable to the People have elapsed from January 25, 1978, the first date on which the case appeared on the Criminal Court calendar after the granting of the CPL 180.40 motion. Further, they agree that only 69 days chargeable to the People have elapsed from February 14, 1978, the date on which the felony charges were formally reduced to misdemeanor charges on motion of the People in the Criminal Court. Certainly, the full 103 days are chargeable to the People on the six-month clock. The issue is when did the 90-day clock begin to operate.
CPL 30.30 is a mandatory provision. Unless a delay beyond the time limits set forth in that statute is otherwise excludable by a provision within that statute, a motion to dismiss must be granted (see People v Sturgis, 38 NY2d 625; People v Bellach, 58 AD2d 613; People v Cahill, 54 AD2d 938; People v Saunders, 84 Misc 2d 467, 470; People v Kent, 87 Misc 2d 69, 71). The defendant does not allege prejudice or violation of his constitutional right to a speedy trial. However, no such allegations are necessary since the time limits of CPL 30.30 are not constitutional in nature (People v Overton, 88 Misc 2d 531, 534; People v Mollette, 87 Misc 2d 236, 239).
For the defendant to succeed, it would be necessary to hold that the granting of the motion pursuant to CPL 180.40 was tantamount to the replacement of the felony complaint with a misdemeanor information. Realizing this, he alleges that once the motion was granted "it cannot fairly be said that the prosecutor retained the option to prosecute this matter as a felony.” Taking issue with that assertion, Assistant District Attorney Steven Tekulsky alleges that since, as found at the preliminary hearing, the evidence was legally *242 sufficient to support the felony charges, the 180.40 motion was discretionary with the Assistant District Attorney then handling this case. Upon the granting of the motion the case was reassigned to Mr. Tekulsky. He asserts that he could have recommended that the case be returned to the Supreme Court and that he did not finally decide to have the prosecution continue on a misdemeanor basis until the reduction motion was made on February 14, 1978.
The operative statute supports the position of the People. CPL 180.40 does not provide that a motion to return a case to the Criminal Court has the effect of reducing felony charges to misdemeanors. Rather, it provides for a return of the case "to the local criminal court for reconsideration of the action to be taken.” The prosecution, therefore, remained a felony prosecution until the charges were actually reduced to misdemeanor charges (cf. People v Feliciano, 75 Misc 2d 921, 925).
It may plausibly be argued that such a holding vests too much discretion in the prosecutor. To such an argument there are at least four answers. First, there is a vast amount of discretion reposed in the District Attorney’s office to determine, in the first instance, whether to charge a felony or a misdemeanor and, concomitantly, to decide at what point in the proceeding to move to reduce. Second, if it be regarded as wise to reduce that area of discretion, the Legislature could easily amend the applicable provisions of CPL 30.30. Third, the rights of defendants are protected in all cases by the running of the six-month clock. Fourth, if there is in fact no basis at all for the filing of felony charges, the 90-day limitation rather than the six-month limitation would apply (see People v Lupo, 74 Misc 2d 679, 681).
Accordingly, I find that only 69 days chargeable to the People have elapsed, that being the period from the formal reduction of the charges in the Criminal Court. The defendant’s motion is therefore denied.