OPINION OF THE COURT
Mathilde C. Bersani, J.
On June 9, 1982, the defendant herein was arraigned in the Syracuse City Court and charged with two felonies: rape in the first degree and unlawful imprisonment in the first degree. Thereafter, on July 23, 1982, fhe defendant waived his right to a preliminary hearing on the felony complaints and was held for the action of the Grand Jury pursuant to CPL 180.30 (subd 1). However, on October 29, 1982, the District Attorney moved this court to reduce the felony charges stated above to the class A misdemeanors of sexual misconduct (Penal Law, § 130.20) and unlawful imprisonment in the second degree (Penal Law, § 135.05), respectively.
Defendant now moves to dismiss, pursuant to CPL 170.30 (subd 1, par [f]) on the ground that this court lacks subject matter jurisdiction over the instant prosecutions. We agree. Once this court ordered the defendant held for the action of the Grand Jury (CPL 180.30, subd 1; 180.50, subd 4), a superior court order was necessary to “revest” jurisdiction in the Syracuse City Court. (Matter of Corr v Clavin, 96 Misc 2d 185; People v Fulcher, 97 Misc 2d 239; CPL 180.40, 180.50.) A memo from the District Attorney *511 requesting this matter to be placed on the local court calendar and a motion to amend the charges to misdemeanor classifications is not sufficient to renew jurisdiction, “the District Attorney is not authorized to reduce the pending felony to a misdemeanor. He is only authorized to apply to a superior court, which is then empowered only to request the lower court to reconsider its decision. To repeat, under CPL 180.40, the District Attorney does not have the power to reduce.” (Matter of Corr v Clavin, supra, p 191.) In fact, an order of a superior court pursuant to CPL 180.40 is an indication to the local court that either the felony complaint is considered defective or the interests of justice require the matter not be prosecuted as a felony. In no way does the superior court order mandate the local court dispose of the case in a particular specified manner. In all likelihood, it is because the 180.40 order “revests” jurisdiction to first enable reconsideration of the charges by the local court that the Practice Commentaries encourage the District Attorney and the superior court to state all reasons and findings in relation to the order on the record “so that the parties and the local criminal court judge to whom the matter is returned will have guidance and understanding for the utilization and implementation of this procedure.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 180.40, p 130.)
Therefore, we conclude that jurisdiction has not been properly renewed in this court. We, accordingly, dismiss upon the grounds so aptly stated by defense counsel and discussed above.