OPINION OF THE COURT
Thomas J. DiSalvo, J.
Facts of the Case
The defendant was charged on March 1, 2003 and arraigned on the same date in Webster Justice Court relative to the charges of criminal contempt in the first degree (Penal Law *479 § 215.51 [b] [v]), a class E felony, and harassment in the second degree (Penal Law § 240.26 [1]), which is a violation. It was alleged in the complaint that this court issued a “No Offensive Conduct” order of protection on October 2, 2002 in favor of an Erin M. Muraj. Said order of protection was in affect until October 2, 2003. It is further alleged that on March 1, 2003 the defendant was engaged in an argument with the protected party, and that said argument allegedly involved the defendant shoving the defendant onto a bed and against a wall. The matter was adjourned to March 19, 2003 for appearance of counsel. On March 19, 2003, the defendant appeared with his attorney, and the matter was adjourned at the request of defense counsel to April 2, 2003, to determine if there would be a local offer. On April 2nd the assistant district attorney advised the court and defense counsel that there would be no local offer. As a result the case was waived to the Monroe County grand jury. This matter was restored to the Webster Justice Court calender on June 4, 2003, due to the issuance of an order pursuant to CPL 180.40, by Judge Bellini of Monroe County Court. That order stated as follows: “ordered that the Felony Complaint and other papers submitted to this Court pursuant to CPL Section 180.40, be returned to Webster Town Court for reconsideration of the action taken.” (Emphasis added.) The order was the result of an ex parte application of the office of the Monroe County District Attorney.
The People contend that the order amounts to an amendment of the felony charge to the class A misdemeanor charge of criminal contempt in the first degree (Penal Law § 215.51 [b] M). The defense attorney contends that the charges have not been amended to a misdemeanor. In addition, defense counsel argues that the defendant has the right to again waive the matter to Monroe County grand jury, which in affect would force the People to present the felony charge to the grand jury.
Issues Presented
Does the order pursuant to CPL 180.40 amend the felony charge of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) to the misdemeanor charge of criminal contempt in the second degree (Penal Law § 215.50 [3])?
Does the defendant have the absolute right to request that the matter again be waived to the Monroe County grand jury?
Legal Analysis
Criminal Procedure Law § 180.40 states as follows:
*480 “Where the local criminal court has held a defendant for the action of a grand jury, the district attorney may, at any time before such matter is submitted to the grand jury, apply, ex parte, to the appropriate superior court for an order directing that the felony complaint and other papers transmitted to such court pursuant to subdivision one of section 180.30 be returned to the local criminal court for reconsideration of the action to be taken. The superior court may issue such an order if it is satisfied that the felony complaint is defective or that such action is required in the interest of justice.” (Emphasis added.)
Defense counsel is apparently relying on Criminal Procedure Law § 190.55 (2) (a) which states:
“District attorneys are required or authorized to submit evidence to grand juries under the following circumstances:
“(a) A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant who, on the basis of a felony complaint filed with a local criminal court of the county, has been held for the action of a grand jury of such county, except where indictment has been waived by the defendant pursuant to article one hundred ninety-five.”
In Matter of Corr v Clavin (96 Misc 2d 185, 190 [1978]), the court stated that
“the correct interpretation of CPL 180.40 is that it is an exception to CPL 190.55 (subd 2) and permits a revesting of the jurisdiction in the lower court for CPL 180.50 purposes. Thus, when read together, these two statutes mean that the District Attorney must present a pending felony to the Grand Jury unless the case is returned to the lower court for reconsideration and upon reconsideration the matter is prosecuted as a misdemeanor. Thus, to repeat, the constitutional protection of section 6 of article I of the New York State Constitution does not apply.”
Criminal Procedure Law § 180.50 states as follows:
“1. Whether or not the defendant waives a hearing upon the felony complaint, the local criminal court may, upon consent of the district attorney, make inquiry for the purpose of determining whether (a) *481 the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should, in the manner prescribed in subdivision three, be reduced from one for a felony to one for a non-felony offense. Upon such inquiry, the court may question any person who it believes may possess information relevant to the matter, including the defendant if he wishes to be questioned.
“2. If after such inquiry the court is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony, it may order the indicated reduction as follows:
“(a) If there is not reasonable cause to believe that the defendant committed a felony in addition to the non-felony offense in question, the court may as a matter of right order a reduction of the charge to one for the non-felony offense;
“(b) If there is reasonable cause to believe that the defendant committed a felony in addition to the non-felony offense, the court may order a reduction of the charge to one for the non-felony offense only if (i) it is satisfied that such reduction is in the interest of justice, and (ii) the district attorney consents thereto; provided, however, that the court may not order such reduction where there is reasonable cause to believe that the defendant committed a class A felony, other than those defined in article two hundred twenty of the penal law, or any armed felony as defined in subdivision forty-one of section 1.20.
“3. A charge is ‘reduced’ from a felony to a non-felony offense, within the meaning of this section, by replacing the felony complaint with, or converting it to, another local criminal court accusatory instrument, as follows:
“(a) If the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support the charge that the defendant committed the non-felony offense in question, the court may:
“(i) Direct the district attorney to file with the court a prosecutor’s information charging the defendant with such non-felony offense; or
*482 “(ii) Request the complainant of the felony complaint to file with the court an information charging the defendant with such non-felony offense. If such an information is filed, any supporting deposition supporting or accompanying the felony complaint is deemed also to support or accompanying [sic] the replacing information; or
“(iii) Convert the felony complaint, or a copy thereof, into an information by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged. In case of such conversion, any supporting deposition supporting or accompanying the felony complaint is deemed also to support or accompany the information to which it has been converted;
“(b) If the non-felony offense in question is a misdemeanor, and if the factual allegations of the felony complaint together with those of any supporting depositions, though providing reasonable cause to believe that the defendant committed such misdemeanor are not legally sufficient to support such misdemeanor charge, the court may cause such felony complaint to be replaced by or converted to a misdemeanor complaint charging the misdemeanor in question, in the manner prescribed in subparagraphs two and three of paragraph (a) of this subdivision.
“(c) An information, a prosecutor’s information or a misdemeanor complaint filed pursuant to this section may, pursuant to the ordinary rules of joinder, charge two or more offenses, and it may jointly charge with each offense any two or more defendants originally so charged in the felony complaint;
“(d) Upon the filing of an information, a prosecutor’s information or a misdemeanor complaint pursuant to this section, the court must dismiss the felony complaint from which such accusatory instrument is derived. It must then arraign the defendant upon the new accusatory instrument and inform him of his rights in connection therewith in the manner provided in section 170.10.
“4. Upon making any finding other than that specified in subdivision two, the court must conduct a hearing upon the felony complaint, unless the de *483 fendant has waived the same. In the case of such waiver the court must order that the defendant be held for the action of a grand jury.”
As previously stated, the defendant is charged with the class E felony of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), which states in pertinent part as follows:
“A person is guilty of criminal contempt in the first degree when * * *
“(b) in violation of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, or an order of protection issued by a court of competent jurisdiction in this or another state, territorial or tribal jurisdiction, he or she * * *
“(v) with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, strikes, shoves, kicks or otherwise subjects such other person to physical contact or attempts or threatens to do the same * *
Obviously, any inquiry by the court in reconsidering the allegations herein would involve a determination as to whether, if true, the defendant’s actions rose to that of a felony contempt or only amounted to the class A misdemeanor of criminal contempt in the second degree (Penal Law § 215.50 [3]).
Conclusion
Based on a review of the applicable statutes, namely, CPL 180.40, 180.50 and 190.55 (2) (a), it would appear that both the prosecution and the defense arguments are incorrect. In other words, Judge Bellini’s order does not automatically convert the felony charge of criminal contempt in the first degree (Penal Law §215.51 [b] [v]) to the class A misdemeanor charge of criminal contempt in the second degree (Penal Law § 215.50 [3]). Nor does the CPL 180.40 order give the defense the right to request that the matter be again waived to the Monroe County grand jury.
Criminal Procedure Law § 180.50 (1) (a) would require that the matter be restored to the court’s regular docket, to determine if the district attorney consents to this court making an inquiry to determine if “the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony.” As a result, this matter is restored to the court’s regu *484 lar docket on July 2, 2003 at 2:00 p.m. to determine if the district attorney consents to the court making the appropriate inquiry, which would permit a reconsideration of the felony charge, as directed by the CPL 180.40 order issued by Judge Bellini of Monroe County Court.